**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **L.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **GARY CROSSLEY FORD, INC.,** | ) | |
| **Serve Registered Agent:** | ) | |
| **Vincent F. Igoe, Jr.** | ) | |
| **2 South Main Street** | ) | |
| **Liberty, Missouri 64068** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, L.A., by and through the undersigned counsel of record, and for her Complaint against Defendant, Gary Crossley Ford, Inc., hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* Defendant unlawfully discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex and retaliated against her for reporting complaints of sex discrimination and harassment.

## THE PARTIES

2. Plaintiff L.A. ("Plaintiff") resides in Holt, Clay County, Missouri.

3. Defendant Gary Crossley Ford, Inc. ("Defendant") is a corporation that lawfully conducts business in the State of Missouri, to wit, a car dealership at 8050 N. Church Road, Kansas City, Missouri 64158. At all times relevant hereto, Defendant was authorized to do business in the State of Missouri and did business in the State of Missouri and is responsible for the employment

1

discrimination and sexual harassment of Plaintiff. Defendant can be served with process upon its registered agent: Vincent F. Igoe Jr., 2 South Main Street, Liberty, Missouri 64068.

## JURISDICTION AND VENUE

4.      Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C §§ 1331 as it is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.*

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in and around Kansas City, Clay County, Missouri, where Plaintiff suffered the unlawful employment practices and the resultant damages.

6.      All conditions precedent to jurisdiction have occurred or been complied, in that Plaintiff filed her administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

7.      The EEOC issued Plaintiff a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Right to Sue is attached as Exhibit B.

## GENERAL ALLEGATIONS

8.      Plaintiff was hired at Defendant's car dealership as a salesperson in or around June 2018.

9.      Throughout Plaintiff's employment with Defendant, she was qualified for her job and performed her job duties more than satisfactorily.

10.     Mr. Gary Montoya was the general manager at Defendant's car dealership and at all times relevant hereto was acting as an agent, servant, and employee of Defendant.

11.     Mr. Todd Gentry was a sales director at Defendant's car dealership and at all times relevant hereto was acting as an agent, servant, and employee of Defendant.

12.     Mr. Todd Crossley was the owner of Defendant's car dealership and at all times relevant hereto was acting as an agent, servant, and employee of Defendant.

13.     In or around February 2019, Montoya invited Plaintiff to his home, where the two engaged in drinking and ended up having sexual intercourse.

14.     Montoya lived in a home owned by Crossley, the owner of Defendant's car dealership.

15.     After this incident, Plaintiff informed Montoya that she did not want anything like that to happen again in the future at any time.

16.     During this time, Gentry repeatedly pleaded with Plaintiff to go visit Montoya and to talk with him about the incident.

17.     After this incident, Plaintiff also learned that Montoya invited a number of female employees to his home for the purposes of sex.

18.     At work, Montoya continued to pursue Plaintiff even after her repeated attempts to get him to stop.

19.     Throughout her employment, Plaintiff had sexually charged encounters with male employees at Defendant's car dealership, including but not limited to being called "loosey" and "slut", being asked about her sex life by Defendant's employee because said employee had "heard about it", being portrayed in sexual videos by Defendant's employees, and being continuously subjected to sexual harassment and crude behavior.

20.     In November 2019, Plaintiff reported these incidents to Crossley, who sympathized with Montoya and insisted that Plaintiff forgive Montoya.

21.     Plaintiff continued to express her concerns about Gentry and Montoya to Crossley, including the sexual encounter with Montoya.

22.     At one point during the conversation, Crossley expressed that he had cameras everywhere at the car dealership, to which Plaintiff replied that the underlying sexual encounter did not occur at work.

3

23.     Crossley then informed Plaintiff that he had cameras *everywhere*, indicating to Plaintiff at his home where the underlying sexual encounter with Montoya occurred.

24.     Shortly after this conversation, Plaintiff was given an assistant at work who followed her around during the workday. No other employee similarly positioned with Plaintiff had an assistant like this at any time during Plaintiff's employment.

25.     On December 6, 2019, Plaintiff witnessed Defendant's employees on their cell phones showing a video of customers with which they had previously had sexual intercourse.

26.     That same date, due to the continual sexually charged work environment at Defendant's car dealership, Plaintiff was constructively discharged.

27.     At all times relevant herein, before and after, the above individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or perpetrators under all theories pled herein.

28.     Plaintiff was injured and suffered damages because of Defendant's conduct.

29.     Plaintiff has sought medical treatment for the injuries and damages suffered as a result of Defendant's conduct.

## COUNT I:
## SEX DISCRIMINATION – TITLE VII
## AGAINST DEFENDANT

30.     Plaintiff reasserts the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31.     Defendant treats male employees more favorably than female employees.

32.     Defendant discriminated against Plaintiff in the terms and conditions of her employment.

4

33.     Defendant's conduct constitutes intentional discrimination on the basis of sex, with malice and disregard of Plaintiff's rights.

34.     Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on sex.

35.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

36.     The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

37.     Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

        WHEREFORE, Plaintiff prays for judgment against Defendant Gary Crossley Ford, Inc. for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II:
## RETALIATION – TITLE VII
## AGAINST DEFENDANT

38.     Plaintiff reasserts the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.    Plaintiff engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including complaining of sex discrimination and harassment to which she and others were being subjected.

40.    Plaintiff suffered adverse employment action in that she was constructively discharged from employment after she complained about sexual discrimination and harassment.

41.    As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

42.    In retaliation for Plaintiff's protected activities, Defendant constructively discharged Plaintiff.

43.    There is a causal connection between Plaintiff's exercise of protected activity and her termination.

44.    As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

45.    The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

46.    Plaintiff is entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff prays for judgment against Defendant Gary Crossley Ford, Inc. for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees

and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully submitted,

LAUREN ALLEN, LLC

*/s/ Lauren Perkins Allen*
Lauren Perkins Allen, #49845
Stephen L. Bishop, #71499
4717 Grand Ave., Suite 130
Kansas City, Missouri 64112
T: 816.877.8120
F: 816.817.1120
lpa@laurenallenllc.com
slb@laurenallenllc.com
**ATTORNEYS FOR PLAINTIFF**