IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| L. A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-00620-CV-RK |
| ) | |
| GARY CROSSLEY FORD, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Plaintiff L.A.'s motion to proceed by pseudonym. (Doc. 2.) Defendant Gary Crossley Ford, Inc. opposes. (Doc. 5.) The motion is fully briefed. (Doc. 10.) After careful consideration, the motion is **DENIED**.

## Background

L.A. filed this lawsuit for damages asserting claims arising from sexual discrimination, sexual harassment, and retaliation when L.A. was employed as a salesperson at Gary Crossley Ford, Inc. The following facts are taken from the Complaint. L.A. alleges that around February 2019, while employed at Gary Crossley, Gary Montoya, the general manager, invited her to his home, where they engaged in drinking and had sexual intercourse. Montoya lived in a house owned by Gary Crossley's owner, Todd Crossley (Crossley). In approximately November of 2019, Crossley insinuated to L.A. that the sexual encounter was videotaped. After this incident, L.A. informed Montoya that she did not want anything like that to happen again. At work, Montoya continued to pursue L.A. despite her repeated attempts to get him to stop. L.A. alleges that, throughout her employment, she was subjected to sexually charged encounters with male coworkers, including being called "loosey" and "slut," being asked about her sex life because the employees had "heard about it," and being portrayed in sexual videos by fellow employees. On December 6, 2019, L.A. witnessed coworkers on their cell phones showing a video of customers with whom the coworkers had previously had sexual intercourse, which L.A. alleges resulted in her being constructively discharged on that same day.

## Legal Standard

Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves in their respective pleadings. *Doe v. St. Louis Charter Sch.*, No. 4:19-CV-2780 NAB,

2019 U.S. Dist. LEXIS 194602, at *2 (E.D. Mo. Nov. 8, 2019). The Eighth Circuit has not addressed the issue of when a pseudonym may be used. But other circuits have held that there is a strong presumption against allowing parties to use a pseudonym. *E.g.*, *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) ("Blue Cross") (The use of fictitious names is disfavored); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name."). "Although pseudonyms are disfavored, the federal courts have recognized a limited number of instances when pseudonymous litigation is appropriate because of the 'intensely personal' nature of the action." *Doe v. City of Apple Valley*, No. 20-cv-499 (PJS/DTS), 2020 U.S. Dist. LEXIS 38365, at *2 (D. Minn. Mar. 5, 2020); *St. Louis Charter Sch.*, 2019 U.S. Dist. LEXIS 194602, at *3 (use of pseudonym may be appropriate where the plaintiff is required to disclose information of the utmost intimacy). The Eastern District of Missouri has adopted "a totality-of-the-circumstances balancing test . . . when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *St. Louis Charter Sch.*, 2019 U.S. Dist. LEXIS 194602, at *3.

**Discussion**

L.A. points out that cases involving sexual abuse or misconduct allegations carry a high probability of humiliation. She argues that the high probability of harm and humiliation to her by identifying her name in this action greatly outweighs the public's interest in knowing her identity and exacerbates the damages she has experienced due to the underlying conduct.[1] L.A. further contends that requiring her to give her name publicly will disseminate private facts about her that will have the effect of chilling sexual discrimination victims from pursuing their day in court. Gary Crossley counters that the facts of this case do not support anonymity. The Court agrees.

L.A. has not identified a single employment sexual harassment or retaliation case where a plaintiff was permitted to proceed with a pseudonym. L.A. does not allege circumstances warranting anonymity such as "protecting the identities of 'children, *rape victims*, and other particularly vulnerable parties.'" *Doe v. Haynes*, No. 4:18CV1930 HEA, 2019 U.S. Dist. LEXIS

---

[1] In her reply, L.A. also argues that allowing her to use a pseudonym is appropriate due to the highly sensitive nature of her medical and psychological records. The Court does not address this argument because it was raised for the first time in the reply brief.

2

98540, at *5 (E.D. Mo. June 12, 2019) (emphasis in original) (citations omitted). "Sexual harassment is not typically considered a matter so highly personal as to warrant proceeding by pseudonym." *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015); *see Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (law students' allegations of sex discrimination against law firms did not warrant anonymity). Although L.A. claims forcing her to publicly reveal her identity would cause her additional harm, "[p]ersonal embarrassment is normally not a sufficient basis for permitting anonymous litigation." *Roe*, 85 F. Supp. 3d at 96. Because the Court does not find a substantial privacy right that outweighs the strong presumption of the openness in judicial proceedings, Plaintiff L.A. must proceed in this action under her true name.

## Conclusion

Accordingly, Plaintiff L.A.'s motion to proceed by pseudonym (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 2, 2020